**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Larold Lee Morris, Appellant.

Appellate Case No. 2013-000682

———————————

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-420
Heard November 6, 2014 – Filed November 26, 2014

———————————

**AFFIRMED**

———————————

Chris Paton, of Chris Paton, LLC, of Charleston, and
Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Norman Mark Rapoport, both
of Columbia; and Solicitor William Walter Wilkins, III,
of Greenville, for Respondent.

———————————

**PER CURIAM:** Larold Lee Morris appeals his convictions for burglary in the first
degree, armed robbery, possession of a handgun with an obliterated serial number,

and conspiracy. He argues the circuit court erred in denying his motion to suppress evidence found during the execution of a search warrant, which Morris alleges was based on a conclusory affidavit.

Morris moved pretrial to suppress the evidence obtained pursuant to the search warrant, and the circuit court denied that motion. At trial, Morris not only failed to renew his objection when photographs of that evidence were offered, he twice affirmatively stated that he had "no objection" to the introduction of the photographs. These statements constituted waivers of any right Morris had to challenge the admissibility of the evidence seized during the execution of the search warrant. Therefore, the issue is not preserved for appellate review. *See State v. Dicapua*, 373 S.C. 452, 455-56, 646 S.E.2d 150, 152 (Ct. App. 2007) (holding the defendant's statement that he had no objection to a videotape coming into evidence "amounted to a waiver of any issue" the defendant had with the videotape and reasoning the defendant's "express waiver of objection to the admission of the evidence . . . was tantamount to a withdrawal of his previous motion to suppress" (citation omitted)); *Burke v. AnMed Health*, 393 S.C. 48, 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("When a party states to the trial court that it has no objection to the introduction of evidence, even though the party previously made a motion to exclude the evidence, the issue raised in the previous motion is not preserved for appellate review."). Accordingly, Morris's convictions are affirmed.

**AFFIRMED.**

**FEW, C.J., LOCKEMY, J., and CURETON, A.J., concur.**